# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ADRIAN LACEY**                                                                                          **PETITIONER**

VS.                                    No.  4:21-cv-00914  LPR/PSH

**JOHN P. YATES,[1] Warden,**
**FCI Forrest City Medium**                                                                **RESPONDENT**

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Adrian Lacey ("Lacey"), an inmate in the custody of the United States, is housed at the Forrest City Medium Federal Correctional Institution, which is located in the Eastern District of Arkansas.  Lacey filed a petition pursuant to 28 U.S.C. § 2241 in which he seeks habeas corpus relief.  Doc. No. 9.  Lacey  contends that the United

---

[1] John P. Yates ("Yates")  replaced Dewayne Hendrix as the Warden at FCI Forrest City Medium and the Clerk is directed to substitute Yates as the respondent.

States District Court, Southern District of Alabama, erred in applying a four level sentencing enhancement to him as an organizer or leader of a criminal activity when it sentenced him in case number 1:13-cr-00112 KD-MU.

In December of 2012, Lacey was sentenced to 46 months in prison and three years of supervised release following his entry of a plea of guilty to committing mail fraud in the United States District Court, Southern District of Alabama. Doc. No. 11-2. While serving this sentence, Lacey was indicted on one count of conspiracy, sixteen counts of wire fraud, and sixteen counts of aggravated identity theft in the United States District Court, Southern District of Alabama, case number 1:13-CR-00112 KD-MU. These charges related to a scheme in which Lacey and another co-conspirator stole personal identifying information of individuals which they used to file false federal and state income tax returns. Lacey ultimately pleaded guilty to the conspiracy count, one wire fraud count, and one aggravated identity theft count. In November of 2014, the U.S. District Court for the Southern District of Alabama sentenced Lacey to 60 months in prison on the conspiracy count, 82 months in prison (concurrent) on the wire fraud count, and 24 months in prison (consecutive) on the aggravated identity theft count. In total, Lacey was sentenced to 106 months in prison. Doc. No. 11-6.

Lacey filed a motion with the trial court pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct the sentence. He alleged two claims: (1) he was subjected to double jeopardy (or double counting) when he improperly received a six-level victim enhancement based on the number of victims of his crimes; and (2) he

received ineffective assistance of counsel when his attorney failed to object to the six level enhancement and failed to file a direct appeal.[2] The trial court denied the § 2255 motion. *See* Doc. No. 11-8. In November 2016, the Eleventh Circuit Court of Appeals granted Lacey's motion for certificate of appealability as to one issue – whether the trial court erred in deciding Lacey's ineffective assistance of counsel claim was barred. *Id.* In February 2019, the Eleventh Circuit affirmed the trial court's denial of section 2255 relief. However, in April the Eleventh Circuit, citing the newly decided *Garza v. Idaho*, 139 S. Ct. 738 (2019), vacated its decision and remanded the case to the trial court. Following an evidentiary hearing, the trial court denied the § 2255 motion in August 2019.[3]

The petition now before this Court advances one argument – the trial court erroneously deemed him to have played a leadership role in the crime, resulting in a four-level sentencing enhancement. Since he was incarcerated at the time of the commission of the wire fraud and identity theft, Lacey reasons he did not have the means to be a leader or organizer of the income tax filing fraud operation. Instead, he claims that he should have received a three-level enhancement for being a manager or supervisor.

---

[2]Lacey did not assert, as he does in this action, that the judge erred in applying a four-level enhancement as an organizer or leader of the criminal activity.

[3]Yates notes an additional 2021 conviction of Lacey for possession of a cell phone. Lacey's guilty plea resulted in six months being added to his current prison term. The 2021 conviction is not at issue here, as Lacey is challenging only his November 2014 sentence.

**Analysis**

Yates contends that the petition should be dismissed for lack of jurisdiction. Additionally, Yates argues that Lacey's plea agreement bars him from pursuing habeas corpus relief even if the Court has jurisdiction over the petition. The Court need not reach Yates' second argument because his first argument is correct – the petition should be dismissed for want of jurisdiction.

A petitioner who challenges imposition of his sentence is generally required to do so in a § 2255 petition filed with the trial court, and not in a § 2241 petition filed in the district of incarceration. *Cf. Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019) (§ 2241 improper remedy in district of incarceration to challenge the sentencing court's decision on whether sentence was to be consecutive or concurrent). *See also Cain v. Petrovsky*, 798 F.2d 1194, 1198 n. 3 (8th Cir. 1986). *See also United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000).

A petitioner seeking to challenge his sentence can only use § 2241 as a basis for relief if § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Section 2255 is not inadequate or ineffective simply because such a claim would be barred by the statute of limitations, or because the claim was previously asserted and denied by the sentencing court. *Abdullah*, 392 F.3d at 959. A "procedural barrier" to filing a § 2255 petition is not enough to establish that § 2255 is inadequate or ineffective. *Id.* And the petitioner bears the burden of showing § 2255 relief to be inadequate or ineffective. *See Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), and *DeSimone v.*

*Lacy*, 805 F.2d 321 (8th Cir. 1986).

Lacey's petition in this matter, despite his labeling it as a § 2241 habeas claim, asserts a § 2255 claim. He does not explain why he filed it as a habeas case in the jurisdiction of incarceration. He does not claim that he sought permission to file a second or successive § 2255 petition from the Eleventh Circuit Court of Appeals before filing the present petition. And he does not allege that § 2255 is an inadequate or ineffective remedy. His petition filed pursuant to § 2241 should therefore be dismissed for lack of jurisdiction.

The Court recommends that dismissal be entered without prejudice to allow Lacey to pursue § 2255 relief by seeking authorization from the Eleventh Circuit Court of Appeals to file a second or successive petition with the trial court. See 28 U.S.C. § 2255(h).

IT IS SO RECOMMENDED this 8th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE